Argued and submitted September 5, reversed and remanded December 4, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# DONALD LEE BOZMAN,
*Appellant.*

## (9406-34265; CA A86636)

929 P2d 1019

Harris S. Matarazzo argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals from a judgment committing him to the jurisdiction of the Psychiatric Security Review Board (PSRB), assigning error to the trial court's verdict of guilty except for insanity. ORS 161.295. Defendant argues that the court did not have authority to enter that verdict, because he did not raise insanity as an affirmative defense. ORS 161.305; *State v. Peterson*, 70 Or App 333, 689 P2d 985 (1984). We reverse and remand.

The events that gave rise to defendant's arrest took place at the Garlington Center for Community Mental Health, when defendant went to see his case manager, Jack Bowsky. Bowsky had been defendant's case manager and therapist for the previous four years but had known defendant for approximately 20 years, having first met him when defendant was a patient at Dammasch State Hospital. Defendant has a history of mental illness and has been diagnosed with paranoid schizophrenia.

One of Bowsky's functions as defendant's case manager was to dispense $20 per week to defendant from money that he received from his conservator. On June 24, 1994, defendant went to the Garlington Center to get money from Bowsky. Defendant asked for $100, and when Bowsky refused to give it to him, defendant began yelling that the FBI was going to put Bowsky in prison and then struck Bowsky several times on the head and body. Garlington Center staff summoned the police, who arrested defendant for assault. During a search incident to the arrest, the police found a pipe of the kind typically used for smoking crack cocaine. Lab analysis of residue from that pipe indicated the presence of cocaine. Defendant was charged with possession of a controlled substance, ORS 475.992(1)(b), and fourth-degree assault, ORS 163.160(2).

Defendant waived his right to a jury and the case was tried to the court. The state called Bowsky and elicited his testimony that he thought defendant was delusional on the day of the incident. He testified that defendant's mental illness was generally well managed, and that his behavior on the date of his arrest was characteristic of his behavior when

he does not take his anti-psychotic medication or when he is intoxicated by drugs or alcohol. Bowsky also testified that he knew that defendant was properly medicated on the date of the assault because Bowsky was present when defendant took his most recent dose. On cross-examination, defense counsel elicited Bowsky's testimony regarding defendant's general mental history, including that he had been diagnosed with paranoid schizophrenia and that he periodically had delusions that he was an undercover narcotics agent.

At the conclusion of the state's case, defendant moved for a judgment of acquittal, arguing that defendant was delusional on the day that he was arrested and therefore lacked the requisite mental state to have committed either fourth-degree assault or possession of a controlled substance. The trial court denied that motion.

During defendant's case, on direct examination, defendant testified about the incident that led to his arrest:

"The reason that, the main object is I jumped Jack Bowsky because he's always lying and saying he's going to steal money and get away with it."

He also testified that while he was looking for Bowsky, he encountered another client of the mental health center to whom he owed money:

"One of the dope addicts, he said he wanted his money. I said—well, I don't smoke dope. Bowsky can't give you no money. I said, why don't we jump him, get money out of him. That's what I told him. I said, well, I'm going to get your money."

In addition, defendant testified that once he found Bowsky, Bowsky hit him first, and he was merely trying to protect himself when he hit Bowsky. With regard to the pipe, defendant testified that other people may have used it to smoke cocaine, but that he had not done so for 15 years and had since used it to smoke tobacco.

The court found defendant guilty except for insanity on both counts. Defendant objected to that verdict on the ground that he had not raised insanity as an affirmative defense and argued that the court should enter a verdict of not guilty. The court declined to acquit defendant. It entered

a verdict of guilty except for insanity and, after a hearing, placed defendant under the jurisdiction of the PSRB for five years. ORS 161.327.

■ On appeal, defendant assigns error to the court's entry of the "guilty except for insanity" verdict, arguing that that verdict may not be entered unless a defendant raises insanity as an affirmative defense. We review the court's verdict for errors of law.

ORS 161.295 describes the defense of guilty except for insanity:

> "(1) A person is guilty except for insanity if, as a result of mental disease or defect at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law."

A defendant must assert as an affirmative defense that he has a mental disease or defect constituting insanity under ORS 161.295. ORS 161.305. That affirmative defense is sometimes referred to as a defense of nonresponsibility.[1] A defendant may not introduce evidence on the issue of insanity under ORS 161.295 unless he gives notice before trial of his intent to do so. ORS 161.309(1), (3).[2]

---

[1] ORS 161.295 (1981) provided that a person was "not responsible for criminal conduct" under the same circumstances in which a person would be found "guilty except for insanity" under the current version of the statute. *See* Or Laws 1983, ch 800, § 1 (amending ORS 161.295).

[2] ORS 161.309 provides:

"(1) No evidence may be introduced by the defendant on the issue of insanity under ORS 161.295, unless the defendant gives notice of intent to do so in the manner provided in subsection (3) of this section.

"* * * * *

"(3) A defendant who is required under subsection (1) or (2) of this section to give notice shall file a written notice of purpose at the time the defendant pleads not guilty. The defendant may file such notice at any time after the plea but before trial when just cause for failure to file the notice at the time of making the plea is made to appear to the satisfaction of the court. If the defendant fails to file notice, the defendant shall not be entitled to introduce evidence for the establishment of a defense under ORS 161.295 or 161.300 unless the court, *in its discretion,* permits such evidence to be introduced where just cause for failure to file the notice is made to appear."

■      Evidence of a defendant's mental disease or defect may also be relevant to a defense of partial responsibility. That defense is described in ORS 161.300, which provides:

"Evidence that the actor suffered from a mental disease or defect is admissible whenever it is relevant to the issue of whether the actor did or did not have the intent which is an element of the crime."

Partial responsibility is not an affirmative defense,[3] and a defendant need not provide pretrial notice of that defense unless the defendant intends to introduce expert testimony on that issue. ORS 161.309(2), (3).[4] A finding of partial responsibility does not subject a defendant to the jurisdiction of the PSRB but may result in either a conviction on a lesser included offense or an acquittal. *Peterson*, 70 Or App at 339.

Defendant relies on *Peterson* as support for his argument that the trial court erred in entering the verdict of guilty except for insanity when defendant did not raise that defense. In *Peterson* we held that the trial court may not enter a verdict of guilty except for insanity if the defendant does not raise insanity under ORS 161.295 as an affirmative defense.[5] 70 Or App at 339-45. That conclusion rested in part on the rationale that the decision to assert the defense of insanity is akin to a decision to plead guilty, to the extent that both of those decisions are the defendant's alone to make. *Id.* at 344-45.

The state argues that *Peterson* is distinguishable because, notwithstanding the pretrial notice requirements of ORS 161.309, defendant effectively raised the affirmative defense of insanity at trial by introducing evidence of his

---

[3] *See* Or Laws 1983, ch 800, § 2 (amending ORS 161.305 to eliminate the designation of partial responsibility as an affirmative defense).

[4] ORS 161.309(2) provides:

"The defendant may not introduce in the case in chief expert testimony regarding partial responsibility under ORS 161.300 unless the defendant gives notice of intent to do so in the manner provided in subsection (3) of this section."

[5] The trial court may have discretion to impose a verdict of guilty except for insanity over a defendant's objection in cases in which the defendant is not represented by counsel. *Peterson*, 70 Or App 344-45. In this case, however, defendant was represented by counsel.

mental condition, thereby providing an adequate basis for the verdict. Defendant argues that the evidence he offered with regard to his mental condition was in support of a defense of partial responsibility under ORS 161.300, rather than a defense of nonresponsibility, or insanity, under ORS 161.295.

■ Assuming that a defendant may raise the affirmative defense of insanity merely by offering evidence on the issue at trial,[6] defendant did not raise that defense; he clearly indicated at trial that he was offering evidence of his mental condition pursuant to a defense of *partial* responsibility. For example, he repeatedly asserted that his delusions rendered him incapable of forming the requisite mental state to commit either offense, which would support a finding of partial responsibility. In addition, when defendant sought to introduce Bowsky's testimony about defendant's general mental health history, the state *objected* on the ground that defendant had not given pretrial notice of his intent to introduce evidence on the issue of insanity. Defendant argued that notice was not required unless he sought to introduce expert testimony, which describes the notice requirement for a defense of partial responsibility. ORS 161.309(2), (3). Those facts sufficiently indicated that he was offering the evidence of his mental condition to show partial responsibility under ORS 161.300, as opposed to nonresponsibility under ORS 161.295.[7] Because defendant did not raise insanity under ORS 161.295 as an affirmative defense, *Peterson* controls, and the trial court erred in entering the verdict of guilty except for insanity. In this case the trial court had authority

---

[6] ORS 161.309(3) provides that, if a defendant fails to file pretrial notice, a court has discretion to allow such defendant to introduce evidence on the issue of insanity under ORS 161.295 only if there is just cause for failure to file pretrial notice. No such showing was made in this case.

[7] The probative value of defendant's mental condition regarding whether he acted with the requisite mental state to commit fourth-degree assault or possession of a controlled substance is not at issue. We note, however, that for purposes of showing partial responsibility, the probative value of defendant's mental condition in this case is marginal when compared with what it would be if he were charged with a specific intent crime. *See Peterson,* 70 Or App at 335-38 (discussing whether the defendant, who had delusions that he owned the victim's house, could form the specific intent necessary to commit burglary).

only to enter a verdict of guilty or not guilty, which it should do on remand.[8]

Reversed and remanded for entry of a new judgment.

---

[8] The state argues that, under the circumstances, we may in effect affirm the "guilty" part of the verdict and delete the "except for insanity" part. We do not agree that we may do that.