Argued and submitted March 10, affirmed April 14, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS LOUIS HARBICK,
*Defendant-Appellant.*

Lane County Circuit Court
200702107; A136427

228 P3d 727

Harris S. Matarazzo argued the cause and filed the brief for appellant.

Katherine H. Waldo, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

Defendant appeals a judgment finding him guilty except for insanity on charges of first-degree criminal mischief and unlawful use of a weapon. On appeal, he argues that the trial court erred in making that finding because he never asserted a guilty except for insanity defense. Because defendant did not preserve that claim of error, and the error is not plain on this record, we affirm.

Defendant was charged with first-degree criminal mischief and unlawful use of a weapon after he smashed a club through his parents' television. In a pretrial hearing in April 2007, the parties discussed defendant's competency to stand trial on those charges. During the course of those discussions, the prosecutor noted that the defense of guilty except for insanity is one that can be raised only by a defendant, even though the court and counsel might think that it is in the defendant's best interest to assert it. Defendant's counsel responded, "I recognize that [defendant] has a right to pursue a mental defense or not pursue one, and I would follow his wishes in that matter."

After further discussion of defendant's competency, the court found defendant fit to proceed, thereby raising, in the court's view, the question whether defendant would assert a guilty except for insanity defense:

"[I]t seems to me *what we ultimately end up with here is whether there is or is not going to be posed a mental defense to the underlying facts of the case.* And I am not prepared to find that there's a lack of fitness to proceed on the record that I've got."

(Emphasis added.) After the court's ruling, defendant's counsel moved to withdraw, but the court denied that motion. Defense counsel indicated that defendant was not willing to resolve the case without a trial. The parties discussed setting an arraignment date for May and agreed to schedule a trial date before mid-June. The court recessed.

At that point, further discussions were held off the record. Approximately an hour after recessing, the court reconvened and tried the charges based on stipulated facts. No one made any mention of a guilty except for insanity

defense before or during the presentation of evidence; the only evidence offered by defendant consisted of a handwritten letter, which "constitute[d] [his] defense." When both sides rested, the court stated:

> "The parties have arrived at this manner of proceeding this morning at my suggestion a few moments ago, after the pretrial hearing we had. That was the only thing on the docket for this morning, and I am prepared to find that there is good cause for not raising a mental disease or defect defense under [ORS 161.309(3)[1]], given the fact that I suggested to the parties we resolve this this morning."

No objection was made in response to the court's comment. The court then proceeded to find defendant guilty except for insanity on both counts, relying in part on the letter offered by defendant:

> "Using the defendant's evidence here as part of my basis for decision, the record should reflect that he claimed to be a private investigator, and that the case involved the protection of eight police officers recruiting brutal people in his field of expertise. There were statements about things that had happened in the past. And in a part of that letter, on page 2, it's represented by the defendant and testified to here to be true that five New Jersey police officers appeared on a television show * * * and this brutal show was produced and directed to the defendant himself. And that [a Lane County deputy sheriff] was writing code logic with

---

[1] ORS 161.309 provides:

"(1) No evidence may be introduced by the defendant on the issue of insanity under ORS 161.295, unless the defendant gives notice of intent to do so in the manner provided in subsection (3) of this section.

"(2) The defendant may not introduce in the case in chief expert testimony regarding partial responsibility or diminished capacity under ORS 161.300 unless the defendant gives notice of intent to do so in the manner provided in subsection (3) of this section.

"(3) A defendant who is required under subsection (1) or (2) of this section to give notice shall file a written notice of purpose at the time the defendant pleads not guilty. The defendant may file such notice at any time after the plea but before trial when just cause for failure to file the notice at the time of making the plea is made to appear to the satisfaction of the court. If the defendant fails to file notice, the defendant shall not be entitled to introduce evidence for the establishment of a defense under ORS 161.295 or 161.300 unless the court, in its discretion, permits such evidence to be introduced where just cause for failure to file the notice is made to appear."

illogic. And then there are statements about various children who were victims of some sorts of violent or death incidents.

"I am prepared to find that the defendant is guilty but for insanity on both counts. I think there is a substantial basis in this record from which the Court can find beyond a reasonable doubt that he's guilty of both offenses as alleged, but I do think that there is also a substantial basis in fact to find him guilty but insane.

"And when I say 'insane,' that word has quotes around it to some extent in this case, because I think in many ways he is a fit and capable person, but there are things that are apparently going on with him that at least in part explain why this has happened or how it came to be. And that's going to be the finding of the Court.

"I assume the parties want to do a disposition this morning?"

Defendant's counsel agreed to proceed with sentencing and then interjected, "It may be unnecessary, but on [defendant's] behalf I think I need to object to that finding, and I do so object." The court responded, "Yes. And I may not have been clear, but I was referring before when I talked about subsection (3) of ORS 161.309 of—so I just want the record to be clear." The court then proceeded with sentencing, and defendant was placed under the jurisdiction of the Psychiatric Security Review Board pursuant to ORS 161.327.

■        On appeal, defendant contends that the trial court erred as a matter of law in finding him guilty except for insanity when he never asserted that defense. *See Pratt v. Armenakis*, 199 Or App 448, 463, 112 P3d 371, *adh'd to on recons*, 201 Or App 217, 118 P3d 821 (2005), *rev den*, 340 Or 483 (2006) ("A criminal defendant cannot be found guilty but insane if he has not asserted that affirmative defense."). Defendant, however, does not point us to any place in the record that demonstrates that he made that argument below— that is, where he objected on the ground that the court was entertaining a defense that had not been asserted. *Cf. State v. Bozman*, 145 Or App 66, 69, 929 P2d 1019 (1996) (where, after the court found defendant guilty except for insanity on the counts alleged, "[d]efendant objected to that verdict on

the ground that he had not raised insanity as an affirmative defense and argued that the court should enter a verdict of not guilty"); *State v. Peterson*, 70 Or App 333, 345, 689 P2d 985 (1984) ("The court erred when it imposed the defense of 'not responsible due to mental disease or defect' *over the objection of defendant*, who was represented by counsel, had not raised that defense and had been found competent to stand trial." (Emphasis added.))

Defendant's only objection came after the trial court actually found him guilty except for insanity, an objection that referred imprecisely to "that finding." On this record—where the court made multiple findings, including, most proximately to the objection, a finding that there is a "substantial basis in fact to find him guilty but insane"—we cannot say that defendant ever put the trial court on notice that it was erroneously considering a defense that had not been asserted. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (" 'A party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made.' " (Quoting *Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977).).[2]

Nor are we prepared to reverse the trial court's judgment on the basis of plain error. ORAP 5.45(1). For an error to be considered plain error, it must (1) be an error of law; (2) be apparent, meaning the legal point is not reasonably in dispute; and (3) appear on the record, meaning the court need not go outside the record or choose between competing inferences to identify the error. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Even if the error is plain, this court must affirmatively exercise its discretion to correct the error. *See State ex rel Juv. Dept. v. S. P.*, 346 Or 592, 606, 215 P3d 847

---

[2] Moreover, this does not appear to be a case in which the preservation requirement gives way entirely because a party has no practical ability to raise an issue, or because the right at issue is not "subject to preservation requirements due to the unique nature of the right itself." *Peeples*, 345 Or at 220. Though it is clearly the better trial practice for a defendant's assertion of a guilty except for insanity defense to appear affirmatively on the record, we are not aware of any statute or constitutional provision that expressly mandates it. *Cf. State v. Barber*, 343 Or 525, 530, 173 P3d 827 (2007) (particular wording of constitutional requirement of written jury trial waiver precluded application of ordinary rules of preservation regarding the absence of that waiver in the record).

(2009) ("This court has determined that it will not exercise its discretion to review an asserted plain error if the party seeking review encouraged commission of the error in question or made a strategic choice not to object.").

In this case, we would be required to go outside the record to determine whether the court actually considered a guilty except for insanity defense that defendant did not intend to assert. It is at least possible that, following the competency hearing, the parties discussed that very issue off the record. Indeed, during the competency hearing, the parties discussed the fact that *only a defendant* can assert the defense, and the court expressly stated that "what we ultimately end up with here is whether there is or is not going to be posed a mental defense to the underlying facts of the case." Following that colloquy, the parties held a discussion off the record and, when they reconvened, tried the case on stipulated facts. Defendant offered, in his defense, a handwritten letter that, on its face, had nothing to do with the events that formed the basis of the charges against him; the letter, at least arguably, could have been offered in support of a guilty except for insanity defense. *But see Bozman,* 145 Or App at 72 ("Assuming that a defendant may raise the affirmative defense of insanity merely by offering evidence on the issue at trial, defendant did not raise that defense; he clearly indicated at trial that he was offering evidence of his mental condition pursuant to a defense of partial responsibility." (Footnote and emphasis omitted.)).

Moreover, after defendant offered the letter in his defense, the trial court determined that there was just cause to excuse defendant's failure to file the statutorily required notice of a guilty except for insanity defense under ORS 161.309(3). While it is possible that the court considered that question on its own, it is also possible that the trial court understood defendant to have offered the letter in support of a guilty except for insanity defense, after having considered whether to assert the defense during the recess.

In sum, defendant did not preserve his claim of error that the trial court considered a guilty except for insanity defense that he had not asserted. Nor is there a basis for this

court to correct the asserted error as plain error under ORAP 5.45. Accordingly, we must affirm.[3]

Affirmed.

---

[3] We acknowledge the potential conflict that arose when the trial court denied defense counsel's motion to withdraw—a motion predicated, at least in part, on the fact that defendant and his counsel apparently disagreed about whether defendant had a mental disorder. To the extent that defense counsel acquiesced to the court considering a defense that defendant did not want to assert, that is not a basis for reversal on direct appeal.