**BRUCE K. FARRELL, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2010-0041

Supreme Court of the Virgin Islands

March 3, 2011

601

603

 

KELE ONYEJEKWE, ESQ., Territorial Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

TERRYLN M. SMOCK, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; MARIA M. CABRET, *Associate Justice*; and HODGE, *Designated Justice*[1].

## OPINION OF THE COURT

(March 3, 2011)

HODGE, C.J. Appellant Bruce K. Farrell requests that this Court reverse the Superior Court's April 13, 2010 Judgment and Commitment finding him not guilty by reason of insanity on a single count of disturbing the peace and ordering him civilly committed. Since the Superior Court committed plain error when it *sua sponte* imposed the insanity defense on Farrell, we shall vacate the not guilty by reason of insanity verdict and direct the Superior Court to, on remand, enter either an unqualified not guilty or guilty verdict.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 14, 2009, Nigel John, a police officer employed by the Virgin Islands Police Department, arrested Farrell after Farrell's mother, Marcia DeGraff, notified the police that Farrell had arrived at her residence, demanded to enter, and — after she refused to let him in — stated that he would burn down her house. The People of the Virgin Islands filed a criminal complaint against Farrell on August 21, 2009, which charged Farrell with one count of contempt constituting the crime of domestic violence in violation of title 14, section 582a of the Virgin Islands Code for contravening the terms of a domestic violence temporary restraining order that had been entered against him in *DeGraff v. Farrell*,

---

[1] Associate Justice Ive Arlington Swan has been recused from this matter. Verne A. Hodge, a retired Presiding Judge of the Superior Court, sits in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

Super. Ct. DV. No. 211/2009, and one count of disturbing the peace in violation of section 622(1) of title 14. At his August 27, 2009 arraignment, Farrell, through his counsel, entered a plea of not guilty to both charges and requested a bench trial, which the Superior Court granted by invoking section 4 of title 14 of the Virgin Islands Code on September 11, 2009.

On January 14, 2010, the People orally moved to dismiss the contempt charge on the basis that Farrell had never received notice of the restraining order, which the Superior Court orally granted. On the same day, Farrell's counsel orally moved for a competency evaluation of the defendant, which the Superior Court also orally granted. In a written January 25, 2010 Order, the Superior Court required that the Division of Mental Health and Substance Abuse Services evaluate Farrell to determine (1) whether he was competent to stand trial; (2) if he suffered from a mental disease or defect on the date of the charged offense; (3) if the offense charged was committed as a consequence of a mental disease or defect; and (4) whether Farrell currently suffers from a mental disease or defect that renders him a danger to the physical safety of himself or others. On March 12, 2010, the Superior Court received a report from Leighmin J. Lu, M.D., which stated that Dr. Lu — a psychiatrist — had examined Farrell as mandated by the Superior Court and, based on that examination, concluded that Farrell "is now competent to stand trial" because he "has an adequate knowledge of the nature of the charge against him and the expected legal proceeding" and "is able to cooperate and assist his counsel in his defense," but that Farrell suffered from schizophrenia and sociopathic personality and substantive abuse disorder on the date of the charged offense and that the charged offense was committed as a consequence of those disorders. At a March 15, 2010 status conference, the Superior Court held that Farrell was competent to stand trial and scheduled a bench trial for March 22, 2010.

At the March 22, 2010 bench trial, the Superior Court heard testimony from DeGraff, Officer John, and Farrell. Prior to hearing Farrell's testimony, however, the Superior Court took judicial notice of Dr. Lu's report, and, at the conclusion of testimony but before closing argument, stated that it "would like the parties to also address Dr. L[u]'s report . . . [i]f they feel it's necessary." (J.A. 80.) In response to the Superior Court's invitation, counsel for the People observed that Dr. Lu had found Farrell competent to stand trial and "that the testimony in itself is enough to find [Farrell] guilty for disturbance of the peace," (J.A. 82), but Farrell's

counsel did not address Dr. Lu's report or object to its admission. After closing arguments, the Superior Court noted that it was "faced with testimony that technically constitutes evidence sufficient to find . . . Farrell guilty," but, based on Dr. Lu's report, found Farrell not guilty by reason of insanity pursuant to section 3637 of title 5 of the Virgin Islands Code, even though the Superior Court acknowledged that it is "somewhat unclear" whether section 3637 applies to "a bench trial situation" because "[t]he statute itself refers to a jury finding. of not guilty by reason of insanity." (J.A. 86, 89.) Farrell's counsel did not object to the Superior Court's judgment, and the Superior Court concluded the bench trial by committing Farrell to the Bureau of Corrections, with instructions to make arrangements to place Farrell in "an appropriate long-term suitable public institution for custody, care, and treatment of the mental disorder from which he is suffering" within ninety days.[2] On April 13, 2010, the Superior Court issued a written Judgment and Commitment which memorialized its oral decision. Farrell timely filed his notice of appeal on April 15, 2010.[3]

## II. DISCUSSION

### A. Farrell May Appeal a Judgment of Not Guilty by Reason of Insanity

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4 § 32(a). However, while the Superior Court's April 13, 2010 Judgment and Commitment is clearly a final judgment, Farrell seeks to appeal a decision finding him not guilty of the underlying offense, albeit for reasons of insanity. While Farrell, citing *State v. Harbick*, 234 Ore. App. 699, 228 P.3d 727 (2010), contends that "[t]his [C]ourt retains jurisdiction to review a judgment of

---

[2] We note that this is not clear from the record on what basis the Superior Court believed that Farrell presently suffered from a mental disorder that required commitment in a public institution yet was simultaneously competent to stand trial. Nevertheless, given this Court's ultimate holding that the Superior Court erred in invoking the insanity defense on Farrell's behalf, as well as the fact that Farrell has not challenged the Superior Court's competency determination as part of this appeal, this Court declines to consider this issue *sua sponte*.

[3] *See* V.I.S.CT.R. 5(b)(1). ("In a criminal case, a defendant shall file the notice of appeal in the Superior Court within fourteen days after the entry of . . . the judgment or order appealed from . . . .").

acquittal on account of the defendant's insanity, although it is technically not a conviction," (Appellant's Br. 6), and the People do not dispute this claim, appellate courts in other jurisdictions have held that a criminal defendant may not directly appeal a judgment finding him not guilty by reason of insanity, but may only obtain relief through a collateral proceeding, such as a petition for writ of habeas corpus. *See, e.g., People v. Harrison*, 366 Ill. App. 3d 210, 215, 851 N.E.2d 152, 157-58 (2006); *State v. Baxley*, 102 Haw. 130, 73 P.3d 668, 671-72 (2003). Moreover, contrary to Farrell's assertion, the defendant in *Harbick* had been found "guilty except for insanity," which is different from "not guilty by reason of insanity" in that "guilty except for insanity" results in a conviction while "not guilty by reason of insanity" results in an acquittal.[4] Thus, given these authorities, as well as the fact that the agreement of the parties "does not relieve the court of the need to conduct an independent analysis of the jurisdictional question," *H & H Avionics v. V.I. Port Auth.*, 52 V.I. 458, 460 (V.I. 2009) (quoting *Wisconsin Bell, Inc. v. TCG Milwaukee, Inc.*, 301 F.Supp.2d 893, 895-96 (W.D. Wis. 2002)), this Court must, as a threshold matter, determine whether the instant appeal is properly before this Court.

■ Here, we find that this Court possesses jurisdiction over Farrell's appeal. Significantly, both the *Harrison* and *Baxley* courts held that they lacked jurisdiction over appeals from not guilty by reason of insanity verdicts primarily on the basis that, because a not guilty by reason of insanity verdict is an acquittal, the defendant was not an aggrieved party. Section 32(a) of title 4, however, vests this Court with "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court" without restricting that jurisdiction only to appeals taken by aggrieved parties. *See, e.g., Guardianship of Smith*, S.Ct. Civ. No. 2009-0117, 2010 V.I. Supreme LEXIS 72, *12-14 n.5 (V.I. Nov. 15, 2010) (observing that neither the Revised Organic Act of 1954 nor any statute adopted by the Legislature imposes any prudential standing requirements on appeals to this Court from final judgments of the Superior Court). Thus, while "some aspects of Article III's requirement

---

[4] *Compare State v. Reese*, 156 Ore. App. 406, 967 P.2d 514, 516 (1998) ("A guilty except for insanity finding is not an acquittal — it is a *guilty verdict*.") (emphasis in original) *with Harrison*, 851 N.E.2d at 157 ("A NGRI [not guilty by reason of insanity] verdict, then, is equivalent to an acquittal. It is strictly a finding that the defendant is not guilty. . . .").

that a court only rule on actual cases and controversies have been incorporated into Virgin Islands jurisprudence," *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 280 (V.I. 2008) (citing *Dennis v. Luis*, 741 F.2d 628, 630 (3d Cir. 1984)), this requirement is essentially a claims processing rule that is "not jurisdictional, but an exercise of judicial restraint that, as with other judicially-created doctrines, is subject to waiver" by the parties. *Vazquez v. Vazquez*, S.Ct. Civ. No. 2008-0108, 2010 V.I. Supreme LEXIS 55, *5 (V.I. Oct. 15, 2010). Accordingly, because the People failed to object to Farrell's appeal at any point during these proceedings and agreed in their appellate brief that Farrell's appeal is properly before this Court, we shall consider Farrell's appeal on the merits.

## B. The Superior Court Committed a Plain Error When it Found Farrell Not Guilty By Reason of Insanity

Farrell, as his primary issue on appeal,[5] contends that the Superior Court erred when it found Farrell not guilty by reason of insanity when Farrell, at his arraignment, had entered a plea of not guilty and at no point raised an insanity defense. Specifically, Farrell contends that (1) section 3637(a) of title 5 of the Virgin Islands Code limits the defense of not guilty by reason of insanity only to jury trials; and (2) even if section 3637(a) does not preclude the insanity defense, the Superior Court was barred from raising the defense *sua sponte* on behalf of Farrell when Farrell had only sought an outright acquittal on the charges.

Ordinarily, the standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's factual findings are only reviewed for clear error. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). Moreover, unless its decision involves application of a legal precept — in which case this Court would exercise plenary review — this Court only reviews the Superior Court's evidentiary decisions for abuse of discretion.

---

[5] Farrell also argues, as a separate issue in his appellate brief, that the Superior Court's admission of Dr. Lu's report into evidence violated his rights under the Confrontation Clause of the Sixth Amendment because he was deprived of the opportunity to cross-examine Dr. Lu with respect to the report's contents. However, because the admission of Dr. Lu's report is intertwined with the Superior Court's decision to find Farrell not guilty by reason of insanity, this opinion addresses both of these claims of error as a single issue.

*Corriette v. Morales*, 50 V.I. 202, 205 (V.I. 2008). Nevertheless, when a criminal defendant fails to object to a Superior Court decision or order — as was the case here — this Court ordinarily only reviews for plain error, provided that the challenge has been forfeited rather than waived.[6] *Francis v. People*, 52 V.I. 381, 390 (V.I. 2009). For this Court to reverse the Superior Court under the plain error standard of review, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' " *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718 (1997)). However, even "[i]f all three conditions are met," this Court may reverse the Superior Court "only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 390-91. For the reasons that follow, we hold that, although section 3637(a) does not preclude the insanity defense from bench trials, the Superior Court committed plain error when it imposed that defense *sua sponte*.

### 1. *Section 3637(a) Does Not Limit the Insanity Defense to Jury Trials*

Section 3637(a) provides, in pertinent part, as follows:

---

[6] In his appellate brief, Farrell contends that the Superior Court lacked jurisdiction to find Farrell not guilty by reason of insanity, and that therefore this Court should exercise plenary review over the Superior Court's decision to impose an insanity defense despite Farrell's failure to object to that decision. *See Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008). However, as this Court has recently explained, "there is a difference between a want of jurisdiction and an erroneous exercise of jurisdiction," and that "procedural errors — no matter how egregious — will not constitute jurisdictional defects that render a judgment or order void" unless "a statute establishes a specific procedure for *invoking* the Superior Court's jurisdiction" and those procedures are not followed. *Smith*, 2010 V.I. Supreme LEXIS 72, at *15 (citations and internal quotations omitted) (emphasis added).

Here, Farrell does not dispute that Superior Court had subject matter jurisdiction over the People's criminal complaint pursuant to section 76(b) of title 4 of the Virgin Islands Code, which simply provides that "[s]ubject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by sections 21 and 22 of the Revised Organic Act of the Virgin Islands, as amended, the Superior Court shall have original jurisdiction in all criminal actions." Moreover, the only statute that Farrell alleges the Superior Court violated — section 3637(a) of title 5 — does not set forth a specific procedure to invoke the Superior Court's jurisdiction, but only a procedure for how to conduct a trial. Accordingly, this Court applies the plain error standard of review to all issues raised as part of this appeal because none of the errors Farrell alleges the Superior Court committed would render the April 13, 2010 Judgment and Commitment void.

If the defense is the mental illness of the defendant, *the jury* shall be instructed, if they find him not guilty on that ground, to state that fact in their verdict, and *the court* shall thereupon commit the defendant to a forensic unit for custody, care and treatment from which he shall not be discharged until the court is satisfied that he has regained his capacity for judgment, discretion and control of the conduct of his affairs and social relations.

5 V.I.C. § 3637(a) (emphases added). According to Farrell, the placement of the phrases "the jury" and "the court" in section 3637(a) indicates that the Legislature intended for the insanity defense to only apply to jury trials. The People, however, contend that section 3637(a) does not limit the insanity defense only to trials by jury, but that the purpose of the statute is to simply require the jury to specify whether it is rendering an unconditional not guilty verdict or a verdict of not guilty by reason of insanity so that the trial judge would know whether to commit the defendant or set the defendant free. We agree.

"[I]n construing a statute, if the intent of the Legislature is clear, that is the end of the matter." *In re Infant Sherman*, 49 V.I. 452, 456 (V.I. 2008) (citations and internal quotations omitted). However, "[a] statute should not be construed and applied in such a way that would result in injustice or absurd consequences." *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009) (citing *Am. Dredging Co. v. Local 25, Marine Div., Int'l Union of Operating Eng'rs*, 338 F.2d 837, 842-43 (3d Cir. 1964)). "Furthermore, '[a]lthough literal interpretation [of a statute] is favored, the intention prevails over the letter,' and thus 'no [statute] should be read literally if such a reading is contrary to its objective.' " *Id.* (quoting *Gov't of the V.I. v. Knight*, 28 V.I. 249, 259, 989 F.2d 619 (3d Cir. 1993)) (internal quotation marks omitted). Finally, "this Court must presume that '[w]hen the legislature adopts a law . . . it intended that the entire statute be effective.' " *Id.* (quoting *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995)).

Applying these traditional rules of statutory construction, Farrell's contention that section 3637(a) precludes the insanity defense in bench trials lacks merit. As this Court has previously explained, "[t]he defense of not guilty by reason of insanity is grounded on title 14, section 14(4) of the Virgin Islands Code which provides: 'All persons are capable of committing crimes and offenses except . . . persons who are mentally

ill and who committed the act charged against them in consequence of such mental illness.' " *Nibbs v. People*, 52 V.I. 276, 284 (V.I. 2009) (quoting 14 V.I.C. § 14(4)). Thus, although Farrell analyzes this issue from the perspective of whether section 3637(a) *authorizes* the insanity defense in both bench trials and jury trials, the proper inquiry is whether section 3637(a) should be read to *revoke* the insanity defense authorized by section 14(4) in bench trials. *Cf. Martinez v. Colombian Emeralds*, 51 V.I. 174, 182 n.3 (V.I. 2009). Moreover, section 1201(c) of title 19, which governs the discharge of patients from mental hospitals, refers to "patient[s] held on order of a court having criminal jurisdiction in *any* action or proceeding arising out of a criminal offense," (emphasis added), thus providing further support that the Legislature intended for the insanity defense to apply to all criminal actions rather than only those tried by a jury. Consequently, in the absence of any evidence that the Legislature intended for section 14(4) to only apply to jury trials, we hold that the insanity defense is equally available in both jury trials and bench trials, and that the purpose of section 3637(a) is to eliminate any ambiguity in a jury's verdict by requiring that the jury specify the basis for a "not guilty" verdict when an insanity defense has been raised.[7]

### 2. *The Superior Court Erred When it Sua Sponte Imposed the Insanity Defense on Farrell*

█ Farrell, as his alternate argument, contends that even if the insanity defense is available in bench trials, this Court should adopt the approach of the Model Penal Code and a majority of jurisdictions, which prohibits trial courts from *sua sponte* invoking the insanity defense on behalf of a criminal defendant who seeks an outright acquittal at trial. (Appellant's

---

[7] In his appellate brief, Farrell also contends that a jury should hear all cases in which an insanity defense is at issue because "[w]hen an insanity defense is successful, even if the offense is trivial, the defendant may be confined for life." (Appellant's Br. 17.) However, courts have consistently held that commitment in an institution on the grounds that one is mentally ill is not a criminal punishment because the purpose of the commitment is not punitive, but "to hold the person until his mental abnormality no longer causes him to be a threat to others." *Kansas v. Hendricks*, 521 U.S. 346, 363, 117 S.Ct. 2072, 2083, 138 L. Ed. 2d 501 (1997). *See also E.B. v. Verniero*, 119 F.3d 1077, 1097 (3d Cir. 1997). Consequently, because the crime of disturbing the peace carries a maximum incarcerative sentence of ninety days, the Superior Court was permitted to hold a bench trial on this charge without obtaining a waiver of the right to trial by jury by Farrell personally. *See Murrell v. People*, S. Ct. Crim. No. 2009-0035, 2010 V.I. Supreme LEXIS 27, *3 (V.I. Sept. 13, 2010).

Br. 20-21.) Specifically, Farrell argues that insanity is an affirmative defense subject to waiver if not timely asserted[8] and that defendants such as Farrell may have strategic reasons for not raising an insanity defense even when it is available, such as a desire to avoid post-acquittal commitment or the stigma associated with the defense. The People, however, contend that Farrell "acquiesced in the finding of not guilty by reason of insanity," and that even if he did not, the majority approach, as articulated in *Frendak v. United States*, 408 A.2d 364 (D.C. 1979), still authorizes trial courts to *sua sponte* raise the insanity defense on behalf of criminal defendants under certain conditions.

█ Ordinarily, when a right is personal to the defendant, neither the trial court nor the defendant's attorney may waive that right on his or her behalf. *See Murrell v. People*, S.Ct. Crim. No. 2009-0064, 2010 V.I. Supreme LEXIS 27, *45 (V.I. Sept. 13, 2010) (collecting cases). While a clear majority of appellate courts have applied this same principle to the decision to raise — or not raise — an insanity defense, a minority of jurisdictions have held that a defendant's attorney, or even the trial court, may enter a plea of not guilty by reason of insanity over the defendant's objection — even when the defendant is competent and has voluntarily and intelligently chosen to not plead insanity — whenever there is a sufficient question as to the defendant's mental responsibility at the time of the crime. Although the People agree that this Court should not apply the minority rule with respect to the trial court's authority, the People's contention that Farrell's counsel — whether through action or inaction — could bind Farrell to an insanity defense is only authorized by the minority rule. Accordingly, prior to considering the parties' arguments, this Court must determine whether to adopt the majority or the minority approach.

The Supreme Court of Colorado has recently summarized the history of the split of authority in the common law with respect to the invocation of the insanity defense by the trial court or the defendant's attorney and the differences between the two approaches that have developed:

---

[8] As this Court has previously explained, insanity is an "affirmative" defense only in the sense that a defendant is required to provide the People with notice of the defense, for Virgin Islands law — unlike federal law — requires that the People prove the defendant's sanity beyond a reasonable doubt in cases in which the insanity defense has been raised. *See Nibbs*, 52 V.I. at 292 n.9.

The common law approach begins for our purposes with a line of cases developing from *Whalem v. United States*, 346 F.2d 812 (D.C. Cir. 1965), in which courts imposed a duty on the trial court to inject, *sua sponte*, the issue of a defendant's insanity when sufficient question is raised as to the defendant's mental state at the time of the commission of the offense. *See id.* at 818-19 ("[A defendant] may, if he wishes, refuse to raise the issue of insanity, but he may not, in a proper case, prevent the court from injecting it."). These cases premised the court's duty on the recognition that an individual who commits a criminal act, but who "does not know what he is doing or cannot control his conduct or his acts are the product of a mental disease or defect, . . . is morally blameless and not criminally responsible." *Id.* at 818. Further recognizing a public interest in refusing to hold criminally liable those defendants lacking mental responsibility, these cases protected that interest by imposing on the court the duty to inject the insanity defense into proceedings evidencing sufficient cause. *Cf. id.* at 818-19.

A subsequent line of cases rejected, in part, the *Whalem* analysis. Beginning with *Frendak v. United States*, many jurisdictions held that a defendant's right to voluntarily and intelligently waive imposition of the insanity plea must prevail over the broader public interests expressed in the *Whalem* line of cases. *See Frendak*, 408 A.2d at 378-79; *see also United States v. Marble*, 940 F.2d 1543 (D.C. Cir. 1991) (overruling *Whalem*). *Frendak* and related cases relied on *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed.2d 162 (1970) (holding that it is not unconstitutional for a court to accept a guilty plea from a defendant continuing to profess his innocence), and *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (holding that the Sixth Amendment grants to the defendant the right to proceed *pro se*). The *Frendak* approach reads these cases to pit the defendant's interest in autonomously conducting her own defense against the broader public interest in avoiding the imposition of criminal liability without mental responsibility. *See, e.g., Marble*, 940 F.2d at 1545-46; *Frendak*, 408 A.2d at 375-76. Under this analysis, a defendant's choice to forego an insanity defense must prevail if the choice is voluntary and intelligent. *See, e.g., Frendak*, 408 A.2d at 378.

. . . .

Thus, at common law, two different approaches have evolved. . . . The majority position grants to the defendant an absolute right to

waive imposition of a mental status defense provided that her waiver is "voluntary and intelligent." The minority position, on the other hand, allows a trial court to impose the defense over the wishes of the defendant when justice so demands. *Cf.* Christopher Slobogin & Amy Mashburn, *The Criminal Defense Lawyer's Fiduciary Duty to Clients with Mental Disability*, 68 FORDHAM L. REV. 1581, 1630 (2000) ("A majority of courts hold that the trial court may not impose an insanity defense over the defendant's objection, but a sizeable minority hold that this decision is within the trial judge's (and therefore the attorney's) discretion."); Robert D. Miller, et al., *Forcing the Insanity Defense on Unwilling Defendants: Best Interests and the Dignity of the Law*, 24 J. PSYCHIATRY & LAW 487, 500-01 (1996) (discussing a study that found that a minority of states permitted imposition of mental status defenses over a defendant's objections under various competency schemes).

*Hendricks v. People*, 10 P.3d 1231, 1236-38 (Colo. 2000).

 The Virgin Islands Code provides that, in the absence of local laws or a Restatement provision to the contrary, "[t]he rules of the common law . . . as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply," 1 V.I.C. § 4 (1995), and this statute "'is impressive evidence that the Virgin Islands legislature intends [majority] rule to govern in the absence of specific legislation.'" *Robles v. HOVENSA, LLC*, 49 V.I. 498-99 (V.I. 2008) (quoting *Dyndul v. Dyndul*, 541 F.2d 132, 134, 13 V.I. 376 (3d Cir. 1976)). Thus, in the absence of a statute or precedential local case law addressing this issue, this Court adopts the majority approach, which prohibits an unpled insanity defense from being imposed on a defendant unless the trial court ascertains that the defendant did not voluntarily and intelligently waive the defense. Therefore, applying the rule adopted by the majority approach, as well as the principle that the defendant's silence is not sufficient to waive a right that is personal to him, *Murrell*, 2010 V.I. Supreme LEXIS 27, at *50, we hold Farrell's counsel's silence when the Superior Court took judicial notice of Dr. Lu's report did not result in Farrell acquiescing to an insanity defense.

 Likewise, we hold that the Superior Court erred when it invoked the insanity defense on behalf of Farrell. Pursuant to the majority rule, the Superior Court — upon recognizing that the insanity defense could apply,

yet had not been pled — was authorized to conduct an inquiry to determine (1) whether Farrell was presently competent to stand trial; (2) if so, whether based on present mental capacity, Farrell could intelligently and voluntarily waive the insanity defense, and whether he actually has done so; and, if not, (3) whether the evidence of the defendant's mental condition at the time of the alleged crime required imposition of the insanity defense. *See Phenis v. United States*, 909 A.2d 138, 154 (D.C. 2006) (summarizing the majority rule first established in *Frendak*). However, the majority rule retains the minority rule's requirement that the trial court may only raise the insanity issue *sua sponte* "if the evidence adduced in the proceedings raises a 'sufficient question as to the defendant's mental responsibility at the time of the crime.'" *Frendak*, 408 A.2d at 379 (quoting *Whalem*, 346 F.2d at 818). Here, neither Farrell nor the People entered any exhibits into evidence, and neither DeGraff, Officer John, nor Farrell offered any testimony that related to Farrell's mental responsibility for the disturbing the peace charge.[9] Therefore, Dr. Lu's report provided the sole basis for the Superior Court's decision to *sua sponte* raise the issue of Farrell's sanity and find Farrell not guilty by reason of insanity.

■■■■■■■ Although Farrell contends that the Superior Court should not have admitted Dr. Lu's report into evidence because its admission violated the Confrontation Clause of the Sixth Amendment,[10] it is not necessary for this Court to reach this issue because the Superior Court was prohibited from admitting the contents of the report into evidence by taking judicial notice of the report. *See Christopher v. Harbury*, 536 U.S. 403, 417, 122 S. Ct. 2179, 2188, 153 L. Ed. 2d 413 (2002) (noting that courts possess an "obligation . . . to avoid deciding constitutional issues

---

[9] At trial, the following dialogue occurred between the Superior Court and DeGraff:

> THE COURT: Miss DeGraff, when we were in court once before you had indicated that you were working on a long-term commitment for your son, was there ever any progress in that regard?
> THE WITNESS: No, sir, because I can't afford to send him anywhere.
> THE COURT: All right. Thank you.

(J.A. 69.) However, this testimony, even if tangentially related to Farrell's mental state at some point in time, provides no insight into Farrell's mental responsibility for the crime with which he was charged.

[10] The Sixth Amendment to the United States Constitution is applicable in the Virgin Islands pursuant to § 3 of the Revised Organic Act of 1954, as amended, 48 U.S.C. § 1561.

needlessly."). Pursuant to both Federal Rule of Evidence 201[11] as well as the local evidentiary rules that were in effect at the time of Farrell's trial,[12] the Superior Court may only take judicial notice of a fact if it represents general knowledge that cannot be reasonably questioned or disputed. Consequently, appellate courts have interpreted Rule 201 and rules containing similar or identical language as section 791 to hold that, while a trial court may take judicial notice of the existence of a document that has been filed with it, it may not assume, through judicial notice, that the contents of those documents are true unless the other requirements for judicial notice are met, which will not be the case when the document in question purports to evaluate the mental state of a particular individual.[13]

---

[11] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

[12] At the time of the March 22, 2010 bench trial, "the 1953 version of the Uniform Rules of Evidence ('URE'), codified as 5 V.I.C. §§ 771-956, appl[ied] to evidentiary issues in local Virgin Islands Courts." *Phillips v. People*, 51 V.I. 258, 273-76 (V.I. 2009). Pursuant to the URE,

> (1) Judicial notice shall be taken without request by a party, of the common law, constitutions and public statutes in force in every state, commonwealth, territory and jurisdiction of the United States, and of such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute.
>
> (2) Judicial notice may be taken without request by a party, of (a) private acts and resolutions of the Congress of the United States and of the Legislature of the Virgin Islands, and duly enacted ordinances and duly published regulations of governmental subdivisions or agencies of the Virgin Islands, and (b) the laws of foreign countries, and (c) such facts as are so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute, and (d) specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy.

5 V.I.C. § 791(1)-(2).

Although on March 26, 2010 the Legislature approved, and on April 7, 2010 the Governor signed into law, Act No. 7161, section 15 which repealed the local URE, "this Court applies on appeal the evidentiary rules that were in effect at the time [Farrell] was tried in the Superior Court." *Blyden v. People*, 53 V.I. 637, 658 n.15 (V.I. 2010). However, because, in this instance, the URE and Federal Rule of Evidence 201 establish the same legal standard, this Court would reach the same result regardless of which provision is applied to this appeal.

[13] *See, e.g., United States v. Bonds*, 12 F.3d 540, 553 (6th Cir. 1993) ("Federal Rule 201 permits a court to take judicial notice only of facts 'not subject to reasonable dispute . . . .'"

Therefore, regardless of whether Farrell possessed a right to cross-examine Dr. Lu with respect to the contents of his report, the Superior Court erred when it admitted the report into evidence. Accordingly, because the Superior Court was prohibited from taking judicial notice of the contents of Dr. Lu's report, and the contents of Dr. Lu's report provided the only basis for inquiring into Farrell's sanity, the Superior Court also erred when it *sua sponte* raised the insanity defense and found Farrell not guilty by reason of insanity.

 Moreover, the Superior Court would have erred even if it could properly take judicial notice of the contents of Dr. Lu's report. While the Superior Court considered the first prong of the *Frendak* inquiry at the March 15, 2010 status conference when it found Farrell competent to stand trial, it does not appear that the Superior Court conducted any inquiry with respect to the second factor — whether Farrell intelligently and voluntarily waived the insanity defense. Although "[t]he scope of the inquiry . . . will vary according to the circumstances present in each case, especially in relation to the background and condition of the defendant," *Frendak*, 408 A.2d at 380, the Superior Court could not have satisfied the second prong without, at an absolute minimum, conducting a colloquy with the defendant or otherwise questioning the defendant personally. Significantly, the record is completely silent as to (1) why a plea of not guilty by reason of insanity was not entered at Farrell's arraignment; (2) why Farrell's counsel made no attempt to raise an insanity defense after receiving the contents of Dr. Lu's report; (3) whether Farrell was ever advised of the option of pleading not guilty by reason of insanity; and (4) if advised, whether it was Farrell or his counsel who chose to forego that

There is no dispute that the [report] exists, but there is considerable dispute over the significance of its contents."); *United States v. Am. Tel. & Tel. Co.*, 83 F.R.D. 323 (D.D.C. 1979) (interpreting FED. R. EVID. 201 to hold that judicial notice of court records should be limited to the fact of their existence rather than the truth of the matters contained in the court records); *State v. Kotis*, 91 Haw. 319, 984 P.2d 78, 102 (1999) ("A distinction must be carefully drawn between taking judicial notice of the existence of documents in the Court file as opposed to the truth of the facts asserted in those documents."); *Smith v. State*, 443 N.E.2d 1187, 1190 (Ind. 1983) (holding trial court could not take judicial notice of psychiatrist report previously finding defendant competent); *Hert v. J.J. Newberry Co.*, 178 Mont. 355, 584 P.2d 656, 662 (1978) ("Disputed medical conclusions by doctors contained in medical reports cannot be judicially noticed."); *State v. Christian*, 142 Wis. 2d 742, 419 N.W.2d 319, 321 (1987) (holding trial court erred in taking judicial notice of psychiatrist's report of emotional state of alleged victim).

plea and instead seek an outright acquittal. Therefore, even if the failure of either party to object to the admission of Dr. Lu's report could be construed as a stipulation to the report's contents — which this Court does not hold, given the evidence introduced and arguments made by both parties, none of which questioned Farrell's sanity — the Superior Court still could not have, under the majority rule, found Farrell not guilty by reason of insanity without conducting a complete *Frendak* inquiry.

■■ Nevertheless, despite the Superior Court's error, this Court may not reverse the Superior Court in this case unless it also finds that the error was plain and that it affected substantial rights. As this Court has recently explained,

> " 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'" *Olano*, 507 U.S. at 734. Accordingly, the United States Supreme Court has directed that "[a]t a minimum, court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." *Id.* Thus, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent . . . directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

*Murrell*, 2010 V.I. Supreme LEXIS 27, *28. While neither this Court, the United States Court of Appeals for the Third Circuit, nor the Appellate Division of the District Court have ever issued a decision stating that the majority rule, as expressed in *Frendak*, applies to prosecutions in Virgin Islands local courts, this silence is attributable to the fact that no defendant has previously raised such an issue on appeal, and thus cannot be construed as superseding the Legislature's clear and unambiguous directive that "[t]he rules of the common law . . . as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary." 1 V.I.C. § 4. Moreover, because the decision of how to plead to an offense is a substantial right, and given that Farrell never pled not guilty by reason of insanity but only pled not guilty to the charged offense at his arraignment, the Superior Court's decision to *sua sponte* impose an insanity defense on Farrell clearly affected Farrell's substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004)).

 "Lastly, even when the first three *Olano* prongs have been satisfied, an appellate court may nevertheless not reverse a conviction based upon that error unless it also finds that 'the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Murrell*, 2010 V.I. Supreme LEXIS 27, at *51 (quoting *Johnson*, 520 U.S. at 467). Here, in addition to the unfairness to Farrell, the Superior Court's actions rendered the March 22, 2010 bench trial fundamentally unfair because the Superior Court's decision to take judicial notice of Dr. Lu's report immediately before Farrell's testimony, and to only allow the parties to address the report during closing arguments, deprived the People of any opportunity to present evidence of Farrell's sanity to the finder of fact — even though it possessed the burden of proof on that issue — because it never received notice that the insanity defense might be raised until after it had completed presentation of its case. *See Nibbs*, 52 V.I. at 285-87 (explaining that, because prosecution bears burden of proof on sanity issue, the prosecution is entitled to sufficient notice of an insanity defense so that it can attempt to meet this burden). Consequently, this Court exercises its discretion to correct the Superior Court's error notwithstanding Farrell's failure to object to its decision.

### C. A New Verdict Based on the Present Record is the Proper Remedy for the Court's Error

 Finally, this Court must determine the appropriate remedy for the Superior Court's plain error in this case. Although Farrell contends in his brief that the Superior Court's error entitles him to dismissal of the disturbing the peace charge, as a general rule, "the remedy for trial error is a new trial while a judgment of acquittal is the appropriate remedy when the evidence is not sufficient to sustain a conviction." *Gilbert*, 52 V.I. at 364 (citing *Burks v. United States*, 437 U.S. 1, 15, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978)). Thus, because the Superior Court's error has no bearing on whether the People presented sufficient evidence to establish every element of a disturbing the peace charge, a dismissal or an acquittal is clearly not the appropriate remedy. However, the instant appeal is unique, in that the errors that provide the basis for reversal — the Superior Court *sua sponte* finding Farrell not guilty by reason of insanity after erroneously entering Dr. Lu's report into evidence — relate only to whether Farrell should have been acquitted by reason of insanity, and not to whether he committed the substantive offense.

 Under these circumstances, we hold that, consistent with the spirit of the majority rule,[14] the proper remedy for the Superior Court's error is vacating its not guilty by reason of insanity verdict and directing it to, on remand, issue new findings of fact and conclusions of law — including a verdict of either guilty or an unqualified not guilty — based on all the evidence introduced at the March 22, 2010 bench trial, except for Dr. Lu's report.[15] Importantly, because the Superior Court acted as the finder of fact in this matter, it is presumed that the Superior Court will fully disregard Dr. Lu's report on remand and base its new decision solely on admissible evidence. *See Dunlop v. People*, S. Ct. Crim. No. 2008-0037, 2009 V.I. Supreme LEXIS 41, *14-15 (V.I. Sept. 15, 2009) (unpublished) (explaining that trial judges acting as triers of fact are presumed to have ability to disregard inadmissible evidence when rendering decision). Accordingly, we reverse the Superior Court's decision to take judicial notice of Dr. Lu's report, vacate the Superior

---

[14] We note that, in *Frendak*, the court observed that, in a situation in which an inquiry was appropriate but not conducted, the remedy for failure to follow the *Frendak* procedure would not be a new trial, but a remand for the trial court to conduct the appropriate inquiry, at which point the not guilty by reason of insanity verdict would stand if the trial court found that the defendant did not voluntarily waive the insanity defense, and be set aside if the trial court held that a voluntary waiver had occurred. *See Frendak*, 408 A.2d at 380-81.

The instant case is procedurally distinct from *Frendak*, however, in that (1) the evidence properly introduced at Farrell's trial was not sufficient to authorize a *Frendak* inquiry; and (2) the defendant in *Frendak* had been tried in a bifurcated proceeding in which the commission of the substantive offense was tried in the first phase of trial and the insanity defense was presented to the same jury in a second phase that occurred only after the jury found that the elements of the substantive offense had been committed beyond a reasonable doubt, and thus a finding on remand that the defendant had voluntarily waived the insanity defense would have simply required that the not guilty by reason of insanity verdict from the second phase be set aside and replaced with the guilty verdict from the first phase. Significantly, in this case — unlike *Frendak* — the People never had the opportunity to present evidence of Farrell's sanity to the finder of fact to meet its burden of proving Farrell sane. *See Nibbs*, 52 V.I. at 286-87. Therefore, authorizing the Superior Court to conduct a *Frendak* inquiry on remand would not only be inconsistent with the majority rule — in that the Superior Court would have had no basis for conducting a Frendak inquiry during trial based on the evidence properly before it — but also result in prejudice to the People in the event the Superior Court were to hold that Farrell did not voluntarily waive the insanity defense.

[15] Although the Superior Court found in its oral findings that the evidence introduced was "sufficient," this Court cannot infer from this statement that the Superior Court would have found Farrell guilty if not for its *sua sponte* imposition of the insanity defense, given that the Superior Court, when acting as a finder of fact, would have been required to weigh the evidence rather than simply determine whether it was sufficient for a conviction.

Court's March 22, 2010 oral findings of fact and conclusions of law and its written April 13, 2010 Judgment and Commitment, and direct entry, on an expedited basis,[16] of a new judgment on remand.[17]

## III. CONCLUSION

Since section 3637(a) of title 5 of the Virgin Islands Code should not be read to preclude the insanity defense from being raised in a bench trial, Farrell was not prohibited from raising an insanity defense to the disturbing the peace charge. But, since Farrell never asserted an insanity defense and the admissible evidence introduced at trial would not have allowed the Superior Court to conduct an inquiry as to whether Farrell had voluntarily waived the insanity defense, we hold, consistent with the rule adopted by a majority of jurisdictions, that the Superior Court not only erred when it *sua sponte* imposed the insanity defense on Farrell, but that the error requires reversal under the plain error standard of review. Nevertheless, because Farrell was not tried by a jury and none of the errors alleged by Farrell relate to whether Farrell committed the substantive offense of disturbing the peace, we do not order a new trial as a remedy, but instead vacate the Superior Court's March 22, 2010 oral findings of fact and conclusions of law and its written April 13, 2010 Judgment and Commitment and direct the Superior Court to issue a new judgment on an expedited basis, accompanied with new findings of fact and conclusions of law, based on the admissible evidence introduced at the March 22, 2010 bench trial.

---

[16] We note that, while the Superior Court's April 13, 2010 Judgment and Commitment required the Bureau of Corrections to transfer Farrell to an institution where he could receive treatment for his mental disorder, it appears from the record that the Bureau of Corrections has not yet transferred Farrell and that Farrell has remained incarcerated throughout the pendency of this appeal. Accordingly, because Farrell's incarceration has already greatly exceeded the maximum possible sentence for a disturbing the peace offense, this Court instructs the Superior Court to, on remand, take all appropriate steps necessary to reduce further prejudice to Farrell, including, but not necessarily limited to, rendering a new judgment in an expedited manner.

[17] Because the issue is not properly before the Court, nothing in this opinion should be construed as allowing or prohibiting the People from initiating civil commitment proceedings against Farrell regardless of the Superior Court's judgment on remand.