**ALBERT MARCELLE, JR., Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2007-0128
Supreme Court of the Virgin Islands
June 17, 2011

DEBRA S. WATLINGTON, ESQ., Office of the Territorial Public Defender, St. Thomas, USVI, *Attorney for Appellant*.

MATTHEW PHELAN, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(June 17, 2011)

SWAN, J. Albert Marcelle, Jr. ("Marcelle") and his girlfriend, Berlin Reyes ("Reyes"), were involved in a domestic dispute, which began with Reyes removing Marcelle's belongings from the apartment they jointly occupied, and culminated with Marcelle assaulting Reyes, inflicting injuries upon her body. Marcelle was arrested and charged with aggravated assault and battery, an act of domestic violence in violation of

537

title 14, section 298(5) and title 16, sections 91(b)(1) and (2) of the Virgin Islands Code. At trial, Marcelle argued as a defense that he used only sufficient resistance to protect his property that was being removed from the apartment. The trial judge, sitting as the finder of fact in a bench trial, disagreed with Marcelle and adjudged him guilty of aggravated assault and battery as an act of domestic violence.

Marcelle now asserts that the trial court erred in finding him guilty because he raised a valid defense and that the People of the Virgin Islands ("the People") failed to satisfy its burden of disproving his defense. We conclude that the People proved the elements of an assault and battery and simultaneously disproved Marcelle's defense beyond a reasonable doubt. Accordingly, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

Marcelle and Reyes, an unmarried couple, lived together in Reyes' apartment. The couple had maintained an intimate relationship with each other for approximately eight months until Reyes became displeased with Marcelle's behavior and traits, including his failure to secure employment and attempted to terminate the relationship. On April 7, 2007, while the couple was traveling to the laundromat, Reyes removed the keys to her apartment from Marcelle's key chain without Marcelle's knowledge. Upon returning from the laundromat, Reyes asked Marcelle to take her to a nearby grocery store and informed Marcelle that she would walk home from the store. Reyes also instructed Marcelle to wait for her at the front door of her apartment.

Upon returning to Reyes' apartment, Marcelle discovered that the keys to the apartment were missing from his key chain. Marcelle broke a window, unlocked the sliding door and entered Reyes' apartment. When Reyes arrived home from the grocery store, she discovered the laundry bags at the front door of her apartment. After entering the apartment, Reyes realized that Marcelle was in the bathroom taking a shower. Reyes asked Marcelle how he gained entry into her apartment. Although she did not receive a response from Marcelle, she soon discovered the window Marcelle had broken to gain entry. Reyes demanded of Marcelle that he leave her apartment immediately.

While Marcelle was still in the shower, Reyes began removing Marcelle's belongings from her apartment and depositing them outside the apartment. Marcelle exited the shower while Reyes continued to

remove his belongings from her apartment. A verbal altercation ensued. Reyes repeatedly asked Marcelle to leave her apartment. Marcelle put on a pair of trousers, sat on the couch and continued the verbal exchange with Reyes, concerning her decision to have him leave her apartment.

As the verbal altercation escalated, Marcelle rose from the couch. He immediately grabbed Reyes' neck, pushed her against the wall of the apartment, and started choking her. Reyes began to plead with Marcelle to release his grasp upon her neck and to stop assaulting her. Marcelle callously ignored her pleas and continued the assault, maintaining his grasp around her neck. As Reyes continued to plead with Marcelle, telling him she was only joking, Marcelle pushed Reyes onto the ground and promptly placed his knees on her arms, which resulted in black and blue contusions on Reyes' arms. Reyes also sustained scratches to her upper left chest and elbows from the physical altercation with Marcelle.

Shortly thereafter, an anonymous person contacted the police. Upon arriving at the apartment, a police officer discovered a distraught Reyes with bruises upon her face and crying while standing alongside Marcelle. The items of clothing Reyes had removed from the apartment were scattered on the ground outside. The police officer escorted Reyes to the police station where he obtained a written statement from her concerning her altercation with Marcelle. Reyes informed the police officer that Marcelle had inflicted the contusions on her face. Other police officers transported Marcelle to the same police station, where he was subsequently arrested.

The People charged Marcelle with "aggravated assault and battery," under title 14, section 298 and title 16, sections 91(b)(1) and (2) of the Virgin Islands Code, which encompass "assault" and "battery" within the definition of "domestic violence." On June 14, 2007, the trial court began a bench trial, during which Marcelle argued the defense of "resistance by party to be injured" under title 14, section 41 of the Virgin Islands Code and simultaneously alleged that he was resisting imminent injury to his clothing. On July 13, 2007, the trial court adjudged Marcelle guilty of aggravated assault and battery, as an act of domestic violence. On November 21, 2007, Marcelle filed a Motion for Reconsideration pursuant to Rule 29(c)[1] of the Federal Rules of Criminal Procedure — in

_____

[1] Rule 29(c) of the Federal Rules of Criminal Procedure states:

which he sought an acquittal and argued that he had established a defense to the charges. After due consideration, the trial court denied the Motion, concluding that Marcelle's conduct exceeded the level of resistance sufficient to preserve his wardrobe and that, as a result, Marcelle failed to prove his defense. (J.A. at 222.) This timely appeal ensued.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A final order is a judgment from a court which ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (citing *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)). On March 25, 2008, the trial court entered a final *Nunc Pro Tunc* Order affirming Marcelle's conviction.

## III. ISSUE AND STANDARD OF REVIEW

On appeal, Marcelle contends that the trial court erred in finding him guilty of aggravated assault and battery because the People failed to prove the absence of his defense, "resistance sufficient to protect personal property" under title 14, section 41 of the Virgin Islands Code beyond a reasonable doubt. We exercise plenary review over issues pertaining to the sufficiency of evidence, such as the one presented here. *See Stevens v. People*, 52 V.I. 294, 304 (V.I. 2009) and *United States v. Bornman*, 559 F.3d 150, 152, 51 V.I. 1170 (3d Cir. 2009). Much deference is afforded the trial court when examining whether there is substantial evidence upon which a reasonable trier of fact could convict the

---

(c) AFTER JURY VERDICT OR DISCHARGE

(1) *Time for a Motion.* A defendant may move for a judgment of acquittal, or renew such motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.

(2) *Ruling on the Motion.* If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

(3) *No Prior Motion Required.* A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

defendant. *Id.* The standard of review for a claim of insufficiency of evidence is whether there is substantial evidence, when viewed in the light most favorable to the government, to support the jury's verdict. *Ritter v. People*, 51 V.I. 354, 358, 361 (V.I. 2009); *see also Gov't of the V.I. v. Williams*, 739 F.2d 936, 940 (3d Cir. 1984).

We review findings of fact for clear error and conclusions of law *de novo. Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010); *Pell v. E.I. Dupont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008). Under the clearly erroneous standard, a finding of fact may be reversed on appeal only if it is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007); *Jama v. Esmor Corr. Services, Inc.*, 577 F.3d 169, 180 (3d Cir. 2009).

## IV. DISCUSSION

### A. The trial court did not err in finding Marcelle guilty of aggravated assault and battery because the People proved beyond a reasonable doubt the absence of the defense "resistance sufficient to protect personal property"

██ To secure a conviction against Marcelle for assault and battery under title 14, section 298 and title 16, sections 91(b)(1) and (2) of the Virgin Islands Code, the People had to prove beyond a reasonable doubt that Marcelle (1) is an adult male, (2) who committed an assault or battery, (3) upon a female. 14 V.I.C § 298(5). Assault and battery under the Virgin Islands Code is defined as the use of "any unlawful violence upon the person of another with intent to injure him [or her], whatever be the means or the degree of violence used . . ." 14 V.I.C § 292. Once Marcelle raised defense of property under title 14, section 41 of the Virgin Islands Code, the People bore the burden of proving beyond a reasonable doubt that Marcelle did not act in defense of his property. *Gov't of the V.I. v. Isaac*, 50 F.3d 1175, 1179 (3d Cir. 1995) (citing *Gov't of the V.I. v. Smith*, 949 F.2d 677, 680, 27 V.I. 332 (3d Cir. 1991)).

Marcelle asserts that the trial court erred in finding him guilty of assault and battery because the People did not prove the absence of his defense beyond a reasonable doubt. In support of his defense, Marcelle argues that he used reasonable and necessary force to restrain an aggressor's threatened harm to his property and to a lesser extent upon his person

under title 14, section 41 of the Virgin Islands Code. Title 14, section 41, titled "Resistance by party to be injured," provides:

> Any person about to be injured may make resistance sufficient to prevent —
>
>> (1) an illegal attempt by force to take or injure property in his lawful possession; or
>> (2) an offense against his person or his family or some member thereof

Marcelle argued in support of his defense under section 41 that he acted to protect his clothes, which were being removed from Reyes' apartment, from becoming "unsecured" or from being "exposed to [the] elements." In asserting the basis for his defense, Marcelle's attorney stated in his closing argument:

> Now, if you take somebody's property and somebody's clothes without putting them in a bag and start flinging them loose out into the street, you know, I guarantee you that there would be — many of those clothes would be rendered unusable. To use reasonable force, reasonable under those circumstances, to restrain that individual from doing that is not out of the question and not unheard of.

(J.A. at 182.) Marcelle's attorney further stated;

> Now once there is an establishment of the fact that one's personal property was at risk of being destroyed, which is uncontroverted on this record, then it establishes a rebuttable presumption that the People must overcome beyond a reasonable doubt that he in turn . . . was not acting for the limited purpose of protecting his property. (J.A. at 182-183.)

Although Marcelle's attorney argued otherwise in his closing arguments, the evidence in the record discloses that the People proved the absence of this defense on various grounds. First, the evidence reveals that Marcelle's clothing was not "about to be injured" at the time he assaulted Reyes. Second, the evidence reveals that Marcelle did not use "resistance sufficient" to protect his clothing. And third, the evidence reveals that there was no attempt to "injure property in his lawful possession."

## 1. The evidence reveals that Marcelle's clothing was not "about to be injured" at the time he attacked Reyes

██ Marcelle argues that he was restraining Reyes from removing his clothes from her apartment. Contrary to testimony given by both Reyes and Marcelle, Marcelle's attorney argued in his closing argument, in support of his defense, that Marcelle "had to go run outside in his boxer [shorts] while his clothes were being thrown out and he had to go in between tussling with Ms. Berlin [and trying to hop into his pants] . . ." However, the evidence discloses that when Reyes started discarding the clothes outside the apartment Marcelle was in the shower. When Marcelle exited the shower and saw Reyes still engaged in discarding the clothes outside, Marcelle did nothing to physically restrain her discarding of the clothes. This contention is buttressed by the following excerpt from Reyes testimony;

Q. [Prosecuting Attorney] When did you put his clothes outside?

A. [Reyes] While he was in the shower.

. . . .

Q. What happened when he . . . got out [of] the shower?

A. He started putting on his clothes. I was arguing. I was asking him why he broke into my house.

Q. What happened while you were arguing?

A. He was just quiet and I was just putting his stuff outside coming back while I was arguing. I was cursing at him and taking his stuff, the rest of the stuff that was in my house because remember we went to the laundry and his clothes, he have his clothes in the bag, the ones that he washed. . .

So while he was bathing, when he came out — and actually, he just stand up in the hallway and I just was cursing at him and taking out the clothes outside. He sat there. Then he sat down on my couch. So I said, "So are you planning to leave? I want you to leave . . . my house."

(J.A. at 28-29.) The following excerpt from Marcelle's testimony further illustrates that he did nothing to prevent Reyes from removing his belongings from Reyes' apartment;

Q. [Defense Attorney] What was she doing at that time?

A. [Marcelle] Well. She stormed in the house and she was vex. And then she started to pull out all my stuff from around the house. And I was, like, baby, cool out, you know what I'm saying . . .

Q. Okay. Your stuff, what was she doing with it? She started pulling it out?

A. She start to pull it out and she start to throw it out the house.

. . .

Q. Was she exercising any care in putting [it] out or —

A. No, she was just furious and she was throwing it out. And I was on the chair and I was, like, yo, wait up, man. I'm going to put on my pants and my shirt.

(J.A. at 151-152.) These excerpts demonstrate that Marcelle did not engage in any physical resistance of Reyes at the time she was discarding his clothes. Specifically, Marcelle sat down for a long period of time and was still sitting well after Reyes had ceased discarding the clothes. Marcelle's belated actions of pushing Reyes against the wall, choking her, and holding her to the ground were not calculated to protect his clothes, because the assault upon Reyes occurred after Marcelle's clothes were outside and purportedly "unsecure" and "exposed to the elements." Therefore, Marcelle's actions were not calculated to protect property "about to be injured" under section 41.

### 2. Marcelle did not use "resistance sufficient" to protect his clothing

■ Title 14, section 41 of the Virgin Islands Code also provides that any person may exert *resistance sufficient* to prevent injury to his property. The force used to deflect an aggressor's threatened harm must be merely sufficient to stop the harm, and application of a greater force

than that which is necessary is unlawful. *Gov't of the V.I. v. Robinson*, 29 F.3d 878, 884, 30 V.I. 428 (3d Cir. 1994).

Marcelle argues that the force he inflicted upon Reyes was necessary to protect his clothes from injury. There are several factual circumstances in the record that refute Marcelle's argument.[2] Although Marcelle provided testimony that he never assaulted Reyes, the evidence to the contrary is overwhelming. Reyes testified concerning the events that transpired that day. It is important to note that at the time of Reyes' trial testimony, the relationship between Marcelle and Reyes had rekindled and Marcelle was again living with Reyes. Therefore, Reyes' testimony was given at a time when Reyes may have been motivated to modify, or diminish her prior statement to police on the day of the altercation. Nonetheless, Reyes testified that Marcelle grabbed her by the neck, pushed her against the wall, and started choking her. Although Reyes pleaded with Marcelle to stop, he continued to assault her by maintaining his grasp around her neck and eventually pushing her onto the ground and placing his knees on her arms. Reyes sustained black and blue contusions to her arm, and scratches to her upper left chest and elbows from the physical altercation.

■ Several police officers testified about Reyes' physical condition and her injuries they observed on the day of the assault. Corroborating evidence of the injuries Reyes sustained from Marcelle's assault is depicted in the investigator's photographs that were admitted into evidence during the trial. The assault that Marcelle inflicted upon Reyes had nothing to do with securing his clothing that was removed from Reyes' apartment. Grabbing Reyes, forcing her against a wall and pinning her to the ground exceeded what was necessary to prevent any injury to Marcelle's clothing.

### 3. No evidence of an attempt to "injure his property"

In support of his defense, Marcelle also argues that his clothing was in danger of being injured by its mere removal from inside the apartment to outside on the adjacent ground and grass. However, Marcelle fails to explain how the removal of his clothes from inside Reyes' apartment to the ground area in proximity to the apartment injured his clothes.

---

[2] The appellate court must affirm the convictions if a rational trier of fact could have found the defendants guilty beyond a reasonable doubt and the convictions are supported by substantial evidence. *Latalladi v. People*, 51 V.I. 137, 145 (V.I. 2009).

Likewise, Marcelle failed to describe the nature or extent of the injury to his clothing.

■ ■ We find Marcelle's argument, that the clothes were harmed because they were "unsecured" or "exposed to the elements," to be outlandish, hyperbolic, and unpersuasive. It is difficult to conceive, without credible evidence, what harm was inflicted upon Marcelle's clothes by their merely being outside "exposed to the elements." In this jurisdiction, it is a common practice for residents to place clothes outside their residence — sometimes on a clothesline, or over a tree stump, bush, or branch. We take judicial notice that this decades-old practice of exposing clothing to the elements to dry has not proven to inherently harm, damage or destroy clothing. *See Farrell v. People*, 54 V.I. 600, 615 (V.I. 2011) (explaining that under federal and local rules of evidence a court may take judicial notice of a fact if it represents general knowledge that cannot be reasonably questioned or disputed).[3]

Marcelle's argument is devoid of any cogent or plausible explanation or credible evidence of the danger posed to the clothes by them being outside and "exposed to the elements," in proximity to the apartment, when he was either inside the same apartment or outside in the presence of his clothing. Furthermore, Marcelle's actions on the day of the altercation do not suggest that he thought his clothes were in danger from being "unsecure." Notably, Marcelle for some time observed Reyes throw his clothing outside her apartment and made no effort to retrieve them. Furthermore, it is difficult to fathom what "unsecure" means to Marcelle when the evidence also indicates that Marcelle left the bags containing the clothes from the laundry unattended outside the same apartment.

The trial record before us is devoid of any attempt by Reyes to ignite a fire to Marcelle's clothing, to cut them with a pair of scissors, to alter their colors with a chemical agent, or to take any other action that would

---

[3] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Judicial notice shall be taken without request by a party, . . . of such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute. 5 V.I.C. §791. *Farrell* notes that this Court applies the evidence rules in effect at the time of the trial in the pending case; however, Rule 201, effective April 7, 2010, establishes the same legal standard as that applicable at the time of Marcelle's trial. *Id.* at 615.

directly harm or destroy his clothing. Likewise, Marcelle failed to elucidate how, upon the record before us, his clothes would have been harmed or were actually harmed. Therefore, Marcelle's defense of "resistance by a party to be injured" or to prevent injury to property is specious and meritless.

■ The judge, as the finder of fact in this case, found that the evidence supported a conviction for assault and battery. The judge noted in his reasoning that Reyes omitted information that she had previously given to the police. However, even though Reyes' motivation to prevaricate might have been greater at the time of the trial, when Marcelle and Reyes had resumed living together than on the day of the incident when she gave a statement to the police, the Judge found that the testimony substantiated an assault and battery charge. Furthermore, the fact that the testimony is contradictory does not mean the evidence is insufficient, only that the finder of fact must make credibility determinations. *See United States v. Jannotti*, 673 F.2d 578, 598 (3d Cir. 1982); *accord Smith v. People*, 51 V.I. 396, 401 (V.I. 2009) (explaining that "[t]o the extent that there [are] conflicts in the testimony, these conflicts present . . . credibility issues for the [fact finder] to resolve"). The People's case presented sufficient evidence to satisfy the requirements of title 14, section 298 of the Virgin Islands Code and likewise to disprove the defense. Therefore, we reject Marcelle's argument that the government did not present sufficient evidence on the record to rebut the defense of protection of property or person.

## V. CONCLUSION

Finding that no error was committed by the Superior Court, we affirm Marcelle's conviction and affirm the Order and Judgment of the Superior Court.

HODGE, C.J., with whom CABRET, J., joins, concurring. I agree with the majority's conclusion that the People introduced sufficient evidence to sustain Marcelle's conviction for aggravated assault and battery as an act of domestic violence. I write separately, however, because I do not join that portion of Part IV.A.3 of the opinion relating to the taking of judicial notice in this case. I do not believe this Court should take judicial notice of the "common practice for residents to place clothes outside their residence" for drying by the natural elements when the record contains no

indication that Reyes threw Marcelle's clothes out of the window to dry them. Likewise, even if Reyes was attempting to dry Marcelle's clothes, the record contains no evidence that Marcelle consented to Reyes handling his clothes, let alone by throwing them out of a window, and thus this "common practice" is irrelevant to whether the sufficient resistance defense was available to Marcelle.

Judicial notice is "the recognition and acceptance by the court, for use by the trier of fact or by the court, of the existence of a matter of law or fact that is *relevant* to an issue in the action without requiring formal proof of the matter." *Poseidon Development, Inc. v. Woodland Lane Estates, LLC*, 152 Cal. App. 4th 1106, 62 Cal. Rptr.3d 59, 67 (Cal. Ct. App. 2007) (citation omitted) (emphasis added). Only relevant material may be noticed; if material is irrelevant to the cause or any valid claim for relief, then that material should not be judicially noticed. *See American Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009); *see also State v. Ditton*, 333 Mont. 483, 144 P.3d 783, 790 (2006) ("Judicial notice is always confined to those matters which are relevant to the issues at hand.") (citation omitted). Reyes did not testify — nor is there any evidence in the record — that she removed Marcelle's clothing from her apartment and placed them outdoors for drying purposes. And consequently, the existence of a practice of drying clothes outdoors does not tend to prove or disprove that Reyes was attempting to injure Marcelle's clothing when he exerted physical force on her person, particularly given that Reyes was throwing Marcelle's clothes out of a window rather than simply placing them on a clothesline. Therefore, to the extent that the practice of placing clothes outdoors to dry is an appropriate matter for judicial notice, the matter is irrelevant in this case. *See Hoich*, 560 F.3d at 797 (holding that the trial court erred in taking judicial notice of statements in a book by defendant referencing his investment success and his CPA/friend to show that defendant gave CPA a proxy because, *inter alia*, statements were irrelevant — they did not tend to prove or disprove an authorized agency to negotiate a contract in creditor breach of contract action).

Finally, judicial notice is inappropriate because, regardless of Reyes's purpose, there is no evidence in the record that Marcelle consented to Reyes taking his clothes and throwing them out of the window. Title 14, section 41 of the Virgin Islands Code expressly authorizes the use of "resistance sufficient to prevent . . . an illegal attempt by force to take or

injure property in [one's] lawful possession." Although I agree that the evidence, when viewed in the light most favorable to the People, shows that Marcelle used greatly disproportionate force in protecting his property, Marcelle did possess a right to prevent Reyes from taking his clothes.