AOYAGI, J.
*548 Plaintiff appeals a judgment dismissing her negligence claims against defendant with prejudice. For the reasons that follow, we affirm.
The relevant facts are procedural and undisputed-at least within the confines of the record, as we will explain. This personal injury action, in which plaintiff alleged various negligence claims against defendant, was set for trial on January 10, 2017, at 9:00 a.m. That morning, the parties met in chambers with the trial judge. At 11:39 a.m., they went on the record for five minutes. On the record, the court stated that they had discussed the matter in chambers "at some length," that plaintiff did not appear to have any viable theory for trial, that it was going to impose a $500 discovery sanction against defendant related to depositions, and that it was preemptively denying any request by defendant for prevailing party costs. Plaintiff's counsel floated one additional theory of liability-so that later he would not "feel like [he] didn't say it"-which the trial court said was "not going to change the decision of the Court on that matter." In response to a question from defendant's counsel, the court then confirmed that plaintiff's claims would be dismissed in a final judgment. The hearing ended.
On February 7, plaintiff filed written objections to a proposed judgment drafted by defendant that would dismiss plaintiff's claims with prejudice. Plaintiff asserted that the trial court, acting sua sponte , had improperly granted either summary judgment or a premature directed verdict in defendant's favor on January 10 and also had imposed an inadequate discovery sanction against defendant. She requested to proceed to trial with a different judge. Defendant responded that no such thing had occurred but, rather, that the court had identified weaknesses in plaintiff's case, which led the parties to reach a settlement under which plaintiff agreed to the dismissal of her claims in exchange for a $500 sanction.
At a hearing on plaintiff's objections to the proposed judgment, which took place on April 10, the parties reiterated their respective positions as to what had occurred in chambers on January 10. The trial court stated that it, like defendant, remembered what happened as a settlement.
*549 Ultimately, the court rejected plaintiff's objections and entered a "Final General Judgment and Money Award" in defendant's favor on April 20. In the judgment, the court, "having heard argument of counsel, and based on the parties' written pretrial submissions, and based on the court file herein," ordered the matter dismissed with prejudice, without fees or costs to either party, and ordered defendant to pay $500 for failure to comply with certain discovery requirements.
On appeal of the judgment, plaintiff raises two assignments of error. First, she asserts that the trial court "erred in granting summary judgment sua sponte ." Second, she contends that the trial court abused its discretion by imposing such a small discovery sanction on defendant. As in the trial court proceedings, defendant responds that the *468 judgment is the result of a settlement that occurred in chambers and that the trial court did not err by entering a judgment that effectuated the parties' settlement.
This case is a cautionary tale about the importance of making timely objections on the record and, more generally, of making a record. Based on the record of the January 10 proceedings, plaintiff never objected to the trial court's alleged sua sponte grant of summary judgment or to the amount of the discovery sanction. "Generally, an issue not preserved in the trial court will not be considered on appeal." State v. Wyatt , 331 Or. 335, 341, 15 P.3d 22 (2000) ; see also ORAP 5.45(1) (stating that, except for discretionary plain error review, "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court").
Plaintiff contends that she preserved her claims of error by filing written objections to the proposed judgment on February 7, which she reiterated in a reply brief and at a hearing on those objections. However, this is not a situation in which the proposed judgment included something unforeseen, such that plaintiff's earliest opportunity to address it was in objections to the proposed form of judgment. According to plaintiff, the trial court granted summary judgment in chambers in her counsel's presence on January 10, and the court addressed the $500 discovery sanction on the record *550 on the same date. Plaintiff's objections to the proposed judgment were really objections to the purported rulings a month earlier, rather than to the form of the judgment, and were more akin to a motion for reconsideration. As such, objecting to the proposed judgment was not a proper vehicle to preserve plaintiff's claims of errors. See Morse Bros., Inc. v. Kemp Construction, Inc. , 147 Or. App. 217, 224, 935 P.2d 464 (1997) ("Defendants' attempt to raise the issue pursuant to an objection to the form of judgment was a collateral attempt to revisit a matter on which the court had, without objection, allowed summary judgment. An objection to the form of judgment is not the proper vehicle for making such a request."); see also Davis v. O'Brien , 320 Or. 729, 739 n. 6, 891 P.2d 1307 (1995) ("Preservation rules generally require that a point be raised earlier rather than later.").
Finally, there is an even more fundamental impediment to plaintiff's appeal, particularly as to the first assignment of error: the lack of any record of a ruling by the trial court. Assigning error to a "ruling," and providing a record citation to that ruling, are essential requirements to assign error on appeal. See ORAP 5.45(4)(a). Here, the trial court did not grant summary judgment on the record, nor did anyone memorialize on the record that it had done so in chambers. Everyone alluded to what happened in chambers only in the most cursory fashion, resulting in a record that is entirely ambiguous as to what occurred.
"Discussion off the record of matters as to which issues on appeal could arise is ill-advised, either because no official record is made of the matters or because whatever record that is made often is summary in nature." State v. Williams , 322 Or. 620, 624 n. 7, 912 P.2d 364, cert. den. , 519 U.S. 854, 117 S.Ct. 149, 136 L.Ed.2d 95 (1996). This issue frequently arises when an appellant claims to have made an objection in a side bar or in chambers but failed to ensure that the record reflected that objection and therefore is unable to establish preservation. See, e.g. , State v. Terry , 333 Or. 163, 179-80, 37 P.3d 157 (2001), cert. den. , 536 U.S. 910, 122 S.Ct. 2368, 153 L.Ed.2d 189 (2002) ("Defendant suggests, without citing a basis in the record, that the issue may have been raised 'off the record.' This court, however, will not look outside the record to find objections.");
*551 Rains v. Stayton Builders Mart,Inc. , 359 Or. 610, 637-38, 375 P.3d 490 (2016) ("Although the parties and the court may have had a lengthy off-the-record discussion about the proper verdict form that included discussion of [the disputed issue], the record on appeal contains nothing that demonstrates that [appellant] made such an argument to the trial court."). It is equally problematic, however, when an appellant claims that an erroneous ruling was made off the record and seeks to assign error to a ruling of which there is no record.
*469 We are not in a position to determine what actually occurred in chambers on January 10. As an appellate court, we will not speculate or resolve disputes about events that occurred off the record. See, e.g. , Gray v. Salem-Keizer School District , 139 Or. App. 556, 562, 912 P.2d 938, rev. den. , 323 Or. 265, 918 P.2d 846 (1996) (declining to consider plaintiff's counsel's affidavit regarding a hearing for which there was no transcript in the record; "unilateral, after-the-fact attempts at record repair based on counsel's recollections are unavailing"); State v. Turnidge (S059156) , 359 Or. 507, 521, 373 P.3d 138, cert. den. , --- U.S. ----, 137 S.Ct. 569, 196 L.Ed.2d 449 (2016) (declining, in plain error context, to "speculat[e] about what might or might not have occurred off the record"); State v. Harbick , 234 Or. App. 699, 705-06, 228 P.3d 727, rev. den. , 349 Or. 171, 243 P.3d 70 (2010) (rejecting claim of error that would require us "to go outside the record"). There is no record that the trial court granted summary judgment sua sponte on January 10, and we will not say that the court erred by doing something that there is no record of it doing.[1]
Because petitioner has not established preservation, and cannot do so on this record, we do not reach the merits of the assignments of error.
Affirmed.

We note that, during the hearing on April 10, the trial court denied having granted summary judgment in chambers. At the same time, the record of the proceedings of January 10 is perplexing. There was no mention of either summary judgment or settlement on the record. No one explained why plaintiff's claims were being dismissed. The procedure that the court followed, some of the statements that it made, and the judgment that it ultimately entered were atypical for a judgment resulting from settlement-see ORCP 67 F (regarding stipulated judgments)-which suggests that some kind of procedural irregularity might have occurred. Without a record, however, we cannot know what the procedural irregularity was, if any, and would have to speculate.