Argued and submitted February 10, affirmed July 27, 2022

GOLDEN RULE FARMS, INC.,
*Petitioner,*

*v.*

OREGON WATER RESOURCES DEPARTMENT,
*Respondent.*

Oregon Water Resources Department
G16867, G17578;
A172879 (Control), A172880

515 P3d 908

Petitioner applied for extensions of two groundwater permits under ORS 537.630 and OAR 690-315-0040. The Oregon Water Resources Department (OWRD) issued proposed final orders denying those extensions and advising that petitioner was entitled to protest the denials as allowed under OAR 690-315-0100 and OAR 690-315-0060. Petitioner did not initiate the protest procedure and OWRD issued final orders denying each extension. Petitioner petitioned OWRD to reconsider its final orders, which ORWD did not act on, resulting in the petition being denied by operation of law. Petitioner initiated this judicial review proceeding under ORS 183.482. After petitioner initiated this review, OWRD withdrew its final orders under ORS 183.482(6), then issued orders on reconsideration in which it modified several findings of fact. *Held*: The Court of Appeals affirmed because petitioner failed to exhaust administrative remedies by employing the protest procedure. To the extent that the protest procedure was not available to challenge the modified findings on reconsideration, petitioner's arguments fail on the merits.

Affirmed.

Sara Kobak argued the cause for petitioner. Also on the briefs were Elizabeth E. Howard, Shonee Langford, and Schwabe, Williamson & Wyatt, P.C.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Lisa A. Brown filed the brief *amicus curiae* for WaterWatch of Oregon.

Before Ortega, Presiding Judge, and Lagesen, Chief Judge, and Powers, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner holds multiple groundwater permits in Harney County. This case involves two of those permits. When petitioner failed to complete construction of the wells authorized by the relevant permits or apply the water to beneficial use by the deadlines specified in the permits, petitioner applied for extensions under ORS 537.630 and OAR 690-315-0040. The Oregon Water Resources Department (OWRD) issued final orders denying those extensions and petitioner initiated this judicial review proceeding under ORS 183.482. After petitioner initiated this proceeding, OWRD withdrew its final orders under ORS 183.482(6), and then issued orders on reconsideration in which it modified several findings of fact. We affirm because petitioner failed to exhaust administrative remedies and to the extent petitioner challenges the modified findings on reconsideration, those challenges fail.

The relevant facts are mostly procedural and not disputed. Any substantive facts are drawn from the uncontested factual findings in the orders on review. *Klein v. BOLI*, 317 Or App 138, 506 P3d 1108, *rev den*, 369 Or 705 (2022).

As noted, this case involves two groundwater permits: G-17441 and G-17100. Both are for groundwater within the Greater Harney Valley Groundwater Area of Concern (GHVGAC). OWRD issued Permit G-17441 in 2015, authorizing "the use of up to 2.0 cfs of water from three wells in Malheur Lake Basin for irrigation use on 160 acres." The permit superseded a prior permit for which construction had not been completed. When G-17441 was issued, the completion date for construction and application of water was October 1, 2018. Permit G-17100 had a similar trajectory. OWRD issued G-17100 on October 31, 2013. It authorized the use of up to 4 cfs of water from two wells in Malheur Lake Basin for irrigation of 320 acres. It specified a completion date for construction and "complete application of water" by October 31, 2018. Between the dates the permits issued and the specified completion dates, no action was taken to begin construction on the wells authorized by the permits.

In March 2017, petitioner submitted Permit Amendment T-12609 to OWRD. That application sought to amend both permits at issue in this case. With respect to both, it sought to change the place of use and places of appropriation authorized under the permits to other locations within the GHVGAC. In September 2018, OWRD notified petitioner by letter that it could not process the application "without an active completion date" for Permits G-17441 and G-17100. It advised that petitioner needed to seek—and obtain— approval of extensions of time for those permits for OWRD to approve the amendment application. OWRD did not receive a response to its September letter and denied the amendment application on November 7, 2018, on the ground that petitioner was "unable to complete the application of the water to beneficial use" as required under the permits and "[w]ithout current dates for complete application of water," OWRD could not approve the amendment.

On November 19, 2018, petitioner submitted the extension requests at issue in this case, seeking to extend the completion dates of both permits to October 1, 2019. After a notice-and-comment period, OWRD issued proposed final orders denying both requested extensions in April 2019. The proposed final orders advised that petitioner was entitled to protest the denials as allowed under OAR 690-315-0100 and OAR 690-315-0060 by filing a written protest with OWRD by May 31, 2019. Petitioner did not protest either proposed final order and, on June 14, 2019, OWRD issued final orders denying each extension. In the final orders, as it had in the proposed final orders, OWRD determined that "[t]he applicant has not demonstrated good cause for the permit extension pursuant to ORS 537.630, 539.010(5) and OAR 690-315-0040(2)."

Almost two months later, petitioner petitioned OWRD to reconsider its final orders. It asserted that OWRD "did not act in good faith or in a timely manner during the review process" of permit amendment T-12609 and that, but for OWRD's alleged failure to act in good faith, petitioner would not have required extensions. OWRD did not act on the petition, and it was deemed denied by operation of law. ORS 183.482(1).

Petitioner sought judicial review. After petitioner filed its opening brief, OWRD withdrew the final orders for reconsideration under ORS 183.482(6) and filed orders on reconsideration that modified several factual findings but otherwise adhered to the original orders denying the extensions. Petitioner then filed a supplemental brief, in which it challenged several of the modified findings.

On review, petitioner argues that, in determining that it did not demonstrate "good cause" for the permit extensions, OWRD "acted contrary to statute and outside of the range of its permissible discretion." Petitioner contends that OWRD should not have considered its failure to complete construction of the wells authorized by the permits because petitioner "sought the extensions solely to apply the groundwater to beneficial use under the permits," and was not seeking to build the wells. Petitioner also argues that OWRD erred when it did not take into account "its own unexplained 14-month delay in processing" the permit amendments requested in T-12609, pointing to the requirement in ORS 537.630(2) that OWRD must consider the extent to which "other governmental requirements relating to the project have significantly delayed completion of construction or perfection of the right." ORS 537.630(2). Finally, petitioner asserts that various factual findings, including some of the modified findings included in OWRD's orders on reconsideration, are not supported by substantial evidence.

OWRD responds that petitioner's contentions are not reviewable because petitioner did not exhaust administrative remedies by employing the protest procedure, and also because petitioner did not preserve the issues by raising them with OWRD in the first instance. OWRD otherwise argues that its order reflects a proper understanding of ORS 537.630(2), and that its findings are supported by substantial evidence.

With one exception, we agree with OWRD that petitioner failed to exhaust administrative remedies and that that failure precludes review of the bulk of petitioner's arguments to us. As the Supreme Court has explained, "[t]he general doctrine of exhaustion of administrative remedies is judicially created, a creature of the common law, and is

employed by the courts \*\*\* in the interest of orderly procedure and good administration." *Tuckenberry v. Board of Parole*, 365 Or 640, 646, 451 P3d 227 (2019). In general, where, as here, an agency provides a process for raising issues to it, the doctrine requires a party to present the issue to the agency through that process before a court will consider it. *Id*. Pertinent to this case, "[a] party does not exhaust his administrative remedies simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute. Exhaustion of administrative remedies is not accomplished through the expedience of default." *Mullenaux v. Dept. of Revenue*, 293 Or 536, 541, 651 P2d 724 (1982).

OWRD has a well-established administrative process through which applicants and others "adversely affected or aggrieved" by a proposed order on an extension request can "protest" the order with the agency. OAR 690-315-0060. That process enables a person to supply "a detailed description of how the proposed final order is in error or deficient and how to correct the alleged error or deficiency," OAR 690-315-0060(2)(d), along with any applicable legal authority supporting the claim of error. OAR 690-315-0060(2)(e). It is undisputed that petitioner was given notice of that process, yet petitioner failed to use it to raise the issues that petitioner now seeks to raise in this court. We would, of course, have the discretion to "relax or set aside" the exhaustion requirement should the circumstances warrant it, *Tuckenberry*, 365 Or at 647. But petitioner has offered no convincing reason as to why we should do that here.

Petitioner suggests that, notwithstanding its failure to invoke the protest process, we should conclude that petitioner adequately exhausted administrative remedies by filing a petition for reconsideration later. We often have concluded that a party cannot preserve an issue for appeal by raising it for the first time in a motion for reconsideration when the party had an opportunity to raise it earlier. *Sugiyama v. Arnold*, 294 Or App 546, 549-50, 431 P3d 466 (2018). We think it appropriate to apply an analogous principle in the exhaustion context, at least where, as here, a petitioner failed to invoke the designated process for presenting issues to the agency, and the agency exercises its discretion

not to act on a subsequent petition for reconsideration. We likewise are not persuaded by petitioner's related suggestion that it need not have exhausted its administrative remedies through the protest process, as distinct from the reconsideration process, because administrative rules, not statutes, are the source of the protest requirement for orders on extensions. Having been provided with a well-defined process to raise its issues to OWRD in the first instance, it was incumbent on petitioner to use that process, absent unusual circumstances.

This conclusion—that petitioner failed to exhaust administrative remedies—disposes of the issues raised in the opening brief, which could have been raised in the protest process. But it does not complete the resolution of this case. As noted, after petitioner filed its opening brief in this matter, OWRD withdrew its final orders under ORS 183.482(6) and filed revised orders in this court in which it modified several factual findings. Petitioner then filed a supplemental brief contesting some of those findings. As should be evident, those modifications occurred when the protest process was no longer available to petitioner. Consequently, petitioner had no opportunity to raise any challenges to the modified findings through the protest process. Rather, this proceeding presents petitioner's first opportunity to challenge those modifications; petitioner had no administrative remedies available to exhaust. That means the exhaustion-of-administrative-remedies doctrine does not apply to bar review of petitioner's challenges to the modifications.

As for the merits of petitioner's challenges to the modified findings, we conclude that those findings are supported by substantial evidence—that is, that "the record, viewed as a whole, would permit a reasonable person to make" those findings, ORS 183.482(8)(c).

Affirmed.